(33 App. Div. 446.)

### CROSBY v. KROPF et al.

(Supreme Court, Appellate Division, First Department. October 21, 1898.)

1. ASSIGNMENTS—NOTICE TO DEBTOR.
    In an action by the assignee of a claim it is immaterial that the debtor did not have notice of the assignment, if no defense arose as between the debtor and the assignor before notice.

2. PLEADING—REPLY—BILL OF PARTICULARS.
    Where a bill of particulars is served with an answer, the reply must refer to the answer, and not to the bill of particulars, as it is no part of the answer.

3. ATTORNEY AND CLIENT—COMPENSATION—QUANTUM MERUIT.
    Where legal services are performed without an express agreement as to the amount of compensation, the attorney may recover on a quantum meruit.

4. SAME.
    An attorney who engaged another to assist him in performing legal services for a charitable institution is liable to the assistant, though the attorney received no compensation for his services.

Appeal from special term.

Action by William B. Crosby against Georgeanna Kropf and others. From a judgment overruling a demurrer to plaintiff's reply, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

H. Hoyt, for appellants.
E. G. Black, for respondent.

PATTERSON, J. This is an appeal from an order overruling a demurrer interposed by the defendant Georgeanna Kropf to a reply of the plaintiff to counterclaims set up in the answer of such defend-

ant.   Those counterclaims were upon alleged demands of one Henry
Kropf (assigned to the defendant Georgeanna Kropf), arising directly
against plaintiff, or for which he had become liable.    The action was
brought to recover of the defendant Georgeanna Kropf the value of
services of certain lawyers employed by her in various legal proceed-
ings, the plaintiff alleging that the title to the claims is vested in
him.    The defendant Georgeanna Kropf's counterclaims are based
upon alleged services of Henry Kropf rendered to the plaintiff, or to
the lawyers whose claims are represented in this action by the plain-
tiff.    The plaintiff proceeded to reply thereto, and in the fifth para-
graph of such reply asserts as a defense to one of the counterclaims
that no bill was ever rendered by Henry Kropf to the firm of Crosby
& Powell, one of the firm of lawyers above referred to, for any part
of the services claimed to have been performed by him; that no
account was stated therefor; that no contract or agreement for such
services was ever made; that, if any services were performed, they
were gratuitous; that no notice of any assignment of a claim of
Henry Kropf against the firm of Crosby & Powell was ever given;
that the plaintiff had no knowledge or notice of the alleged transfer
or assignment until after the commencement of this action, when an
answer was served containing the counterclaim.    A bill of particu-
lars was also served in this action.    The reply also sets up the stat-
ute of limitations as against certain items contained in a bill of par-
ticulars, and that those items are barred by the statute.    Another
counterclaim of the defendant is for services alleged to have been
rendered by Henry Kropf to the Manhattan Eye and Ear Hospital, at
the request of the plaintiff, and between certain dates; but the
reply refers to those services as items in a bill of particulars, and
then states that those items of service mentioned in the bill of particu-
lars were rendered, if at all, by Kropf gratuitously, and that as to
one of those items, namely, the twenty-first, he either rendered the
service gratuitously or on a special retainer of the hospital; and
then sets up the statute of limitations as to items contained in the
bill of particulars.

The demurrer is anything but frivolous.    The allegation of the
notice of assignment contained in the fifth paragraph of the reply
might well be held to be entirely immaterial, as the plaintiff sets up
no defense existing against the assignor of the claim before notice.
In the same paragraph (fifth) the rendition of services by Henry
Kropf seems to be admitted.    There is merely a denial of an agree-
ment, express or implied, as to compensation.    There may have been
no express or implied agreement as to amount of compensation, but
the defendant only seeks to recover the reasonable value of the serv-
ices.    It is difficult to see thus far how a bare inspection of the
allegations of the answer respecting this counterclaim shows it to
be frivolous.    As to the rest of the fifth paragraph of the reply, it
merely relates to a bill of particulars, and not to an answer, and a
demurrer to that portion of the fifth paragraph is certainly not, on its
face, a frivolous pleading.

The substance of the ninth paragraph of the reply is that the
services of Henry Kropf for the Manhattan Eye and Ear Hospital

were gratuitously rendered to the plaintiff or his firm, because he and they acted for the hospital without compensation, and that, as to a particular item of the bill of particulars, the service therein mentioned was rendered upon a special employment of the hospital, or was gratuitously performed by Henry Kropf. That the services were gratuitously rendered to the hospital does not involve the legal conclusion that Henry Kropf's services to the plaintiff or his assignors or associates were gratuitous. As to the twenty-first item of the bill of particulars, the reply does say that Henry Kropf himself rendered gratuitous service, but that is again a reference to the bill of particulars, and not to the answer. That no account or bill was ever rendered, and that Henry Kropf was guilty of laches, does not seem to be of any consequence. The amended answer was served on the 21st of January, 1898; the original answer, containing the counterclaims, was sworn to in October, 1897. The bill of particulars of this counterclaim was served November 24, 1897, and that appears to be a bill of particulars of the counterclaim contained in the original answer. No bill of particulars of the counterclaim in the answer of January, 1898, seems to be averred or referred to, and the original answer is not among the papers.

The order appealed from must be reversed, with costs, and the motion denied, with $10 costs. All concur.